UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANDRZEJ KUBIS,

    Plaintiff,

v.

UNIVERSITY OF ILLINOIS AT
CHICAGO UNIVERSITY POLICE
OFFICERS R. HESLUP, D. BENENATI,
DETECTIVE ARMANDO JUAREZ, SGT.
THOMAS PHILLIPS, SGT. HERSEY,
SGT. VALICENTO, LIEUTENANT
RUCKRICH, UNKNOWN UNIVERSITY
OF ILLINOIS-CHICAGO POLICE
OFFICERS, ANDREA MARIE CELERIO,
and IZABELLA KACZOROWSKA,

    Defendants.

No. 08 C 4894
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

In this case Plaintiff Andrzej Kubis was the subject of an order of protection entered by the circuit judge of DuPage County after a complaint of domestic battery was lodged by one of the defendants, Izabella Kaczorowska. All other defendants are employed by the University of Illinois. At the time of the 2007 events at issue here, both Kubis and Kaczorowska were students at the University of Illinois at Chicago. The order of protection, in its emergency form, required Kubis to stay away from Kaczorowska. The plenary order, which lasts two years, required Kubis to stay away, with exceptions. No "intentional contact is allowed at the University of Illinois at Chicago" and "[a]ny incidental conduct must not be harmful or offensive." The order of protection, as is customary in Illinois, defines "harassment" essentially as conduct, not serving an allowable purpose, which would cause a reasonable person emotional distress and does cause

distress to petitioner. Examples, which are non-exclusive, include creating a disturbance at petitioner's school or threatening, following or surveillance of petitioner.

Kubis was served with the emergency order on July 16 upon his release after his arrest for domestic battery. He received the plenary order on August 28, the day after the first of two incidents which precipitated this lawsuit.

On August 27, both Kubis and Kaczorowska were, unknown to each, taking the same class in micro-economics. Kubis alleges that he was not aware that Kaczorowska was present in the classroom and "engaged in no contact with her." This is not what Kaczorowska reported to UIC officials.[1] Kaczorowska spoke to Assistant Director Celerio of the Campus Advocacy Network at UIC's Office of Women's Affairs. Kaczorowska told Celerio that Kubis had violated the order of protection. Kubis was seated in the front of the classroom, presumably where the door to the classroom is located. In order to leave the room, which she decided to do when she saw Kubis, Kaczorowska had to pass by him. He saw her and laughed. Celerio passed this on to UIC Police.

The next day, August 28, police officers went to a classroom and asked Kubis to leave in order to speak with them. Kubis told police he did not see Kaczorowska among the 35-40 students in micro-economics. Three of the police defendants in this case arrested him and charged him with the misdemeanor violation of an order of protection. He was detained overnight and released by the court the next day on an individual bond. Later, on September 12,

---

[1] Prior to attending classes, Kaczorowska had informed UIC Police that she had obtained an order of protection and gave them a copy. She stated that Kubis might be enrolled that semester, and she was fearful he might hurt her.

the State's Attorney declined to prosecute. The complaint was dismissed and never reinstated. Kaczorowska was present at this hearing.

On August 31, Kubis went to the DuPage court and asked for approval, under the order of protection, to be in classes with Kaczorowska. He asked specifically to be able to attend the Economics 501 meeting on September 5. The prosecutor asked for time to investigate, and Kubis's motion was entered and continued for this purpose, but Kubis was given permission to attend the 501 course in Room 331 so long as he remained on the other side of the room from Kaczorowska and had no "direct contact with petitioner on September 5, 2007 only." Kubis did not know, and had no reason to know, then that there was another class, Economics 537, in which both he and Kaczorowska were enrolled. (Kaczorowska had been told by Kubis, presumably when relations between them were better, that Kubis would be enrolled in Economics 537, although there is no allegation that she remembered this.)

On September 4, after Labor Day, Kubis saw Kaczorowska working on a computer in a public computer lab and then left the area immediately, apparently unobserved by Kaczorowska.

Some time that day, Kaczorowska asked Celerio to escort her to the 537 class which met at 6:00 in the evening. Kubis arrived at 5:45. After class began, Celerio entered the classroom and asked Plaintiff if he was Andrzej Kubis. He said yes. Celerio told him he was not supposed to be there because of the order of protection. Kubis responded that the order did not prevent him from being in the classroom. Celerio[2] said she was calling the police and did so.

---

[2] After considering the University defendants' motion to dismiss, plaintiff voluntarily dismissed his claims of malicious prosecution against all defendant police officers and dismissed all claims against Officers Arreola and Huertas.

Kaczorowska never came into the classroom that day.  Kubis left the classroom to avoid embarrassment and went to the UIC police station but was arrested before he arrived.

Kubis was handcuffed.  He asked the arresting officers, Defendants here, to look at the court order he got on August 31.  He told them he did not get an exemption for Economics 537 because he did not know Kaczorowska was in that class and so did not know he needed an exemption.  The officers took off the handcuffs.  Then arrived a supervisor, a detective sergeant, also a defendant, who, after looking at the August 31 order and hearing the explanation why 537 was not included, determined there was a violation and ordered Kubis cuffed again.  After another night in jail, the court imposed a $15,000 deposit bond (presumably because it was a second charge of violation) and Kubis's sister posted the 10% cash needed to secure release.

These incidents were reported by some defendants to a committee on student affairs, with assertions that the order of protection had been twice violated.  At least by the time of the hearing before the Student Affairs Judiciary Committee on September 21 one of the criminal charges had been dismissed and this was known to the defendants (Celerio and Lieutenant Ruckrich) who were dealing with student affairs.  On September 28, the Committee placed Kubis on probation and conditioned probation requiring Kubis to adhere to restrictions that were essentially the same as those in the order of protection.

Kubis never returned to the UIC campus after September 4.  He feared arrest because Lieutenant Ruckrich had told the Committee that Kubis would be arrested if he appeared on campus.

On October 30, the charges filed with respect to the September 4 incident were *nolle prosequi* at a hearing where Kaczorowska and UIC officers were present.

The key claim here is the only surviving federal claim that Kubis was arrested without probable cause. Defendants say that Kubis has pled away this claim. I do note that, despite a scattering of conclusions, the complaint states relevant facts in a clear, concise way, making the most of these facts to support the claim. I think Plaintiff's counsel did proper lawyer's work in drafting it. I reject the criticism of Defendants that counsel was given a choice to amend the complaint or answer the motion to dismiss and wrongfully did both. I routinely allow plaintiff's counsel to do both if they see fit, and the amendments here do not affect the basic legal issues presented on this motion to dismiss.

The police defendants are right on their basic argument. Plaintiff does a good job of showing why a reasonable police officer might decide that arrest and charge was not warranted in these circumstances, but that does not present a triable issue on the claim of arrest without probable cause. The rule is that if there is probable cause, then an arrest is lawful. And, more importantly, the weight of evidence needed to support probable cause does not even rise to a preponderance of the evidence. Indeed, once probable cause does exist, a police officer is under no obligation to weigh evidence against that conclusion. If a witness says he saw you rob the bank, there is probable cause to arrest you even if your co-workers offer alibi evidence. The police are not trial judges. Once probable cause is established they can arrest and let the courts sort it all out. This is the rationale of the long line of recent cases beginning with *Gramenos v. Jewel Cos.,* 797 F.2d 432, 438-39 (7th Cir. 1986) and ending with *Reynolds v. Jamison,* 488 F.3d 756, 765-66 (7th Cir. 2007) (collecting cases).

What the officers knew, first of all, was that there was an order of protection. The order itself is dealt with by Plaintiff as though it were a contract of some sort whose violation is in

5

question.  But an order of protection is more than just words, it represents a *judicial* determination that there is cause to fear that Kaczorowska needs protection from Kubis.  It is fair, perhaps required, for police in this circumstance to be wary of explanations offered by Kubis and to be willing to accept the account of Kaczorowska.  Even if the issuance of the order of protection carried no normative force, the fact is that Kubis did attend a class which he was not permitted to do by the exemption given him by the DuPage court.  It is reasonable for officers to conclude a literal violation of the terms of the order occurred and determine that the courts should decide whether or not to accept Kubis's innocent explanation.  The statements of Celerio supported the determination of probable cause.  An individual who is the subject of an order of protection may well innocently find himself or herself in close proximity to the protected person within a short period of time, but the police are justified in deciding that this too adds to the quantum of probable cause.

It is true that an officer who is acting on the complaint of a single witness might have to investigate further if he or she has a reason to question the witness*'* account, but these reasons occur when a witness appears drunk or deranged or self-contradictory or tells a clearly implausible tale, none of which is present here.  And it is not just the complaint of a single witness, it is that of a witness whose previous accounts of her interactions with Kubis resulted in a judicial determination that she was entitled to an order of protection.  The officers had probable cause on the very facts alleged in the complaint.  The federal claims against them are dismissed.  The state law false arrest claims fail as well.  I do not go on to consider qualified immunity under the Illinois Domestic Violence Act although that is likely a valid defense as well.

Given the nature of the remaining state law claims for intentional infliction of extreme emotional distress and defamation, I remand them to the state courts. The case has not progressed very far here and is not very old. More importantly, there are complex state law issues presented with respect to which state court has jurisdiction over the remaining claims against the defendants who have won this motion to dismiss. The state courts are best able to decide these issues. There is no constitutional claim made against Kaczorowska and diversity jurisdiction does not exist, so I remand the claims against her to state court as well.

ENTER:

James B. Zagel
United States District Judge

DATE: March 25, 2009